## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

MICHAEL MERCANTI,     :
    :
    Plaintiff,     :
    :
    v.     :     Case No. 2:20-cv-6387
PHILADELPHIA MEDIA     :
NETWORK (NEWSPAPERS), LLC,  :
    :
    Defendants.     :
_____:

### MOTION TO COMPEL ANSWERS TO INTERROGATORIES
### AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff, Michael Mercanti, through his counsel, respectfully moves the Court for an

Order, pursuant to Fed. R. Civ. P. 37, compelling Defendant to answer the Interrogatories and

Requests for Production of Documents served on it on May 20, 2021, but to which no response

has been made.

1. On May 20, 2021, Plaintiff served on Defendant his First Set of Interrogatories

and First Requests for Production of Documents pursuant to Fed. R. Civ. P. 33 and 34,

respectively. Plaintiff's First Set of Interrogatories is attached hereto as Exhibit "A" and

Plaintiff's First Requests for Production of Documents are attached hereto as Exhibit "B."

2. Pursuant to Fed. R. Civ. P. 33(b)(2), Defendant's answers and objections to the

Interrogatories were due 30 days after they were served on May 20, 2021. Accordingly, the

answers and objections were due on Monday, June 21, 2021, since June 19, 2021 was a

Saturday.

3.      Similarly, pursuant to Fed. R. Civ. P. 34(b)(2), Defendant's response to the Requests for Production were due 30 days after they were served on May 20, 2021. Accordingly, the responses were due on Monday, June 21, 2021, since June 19, 2021 was a Saturday.

4.      To date, Defendant has not served any response to the Interrogatories or Requests for Production of Documents.

5.      Accordingly, Defendant should be compelled to answer the Interrogatories and produce all documents responsive to the Requests for Production of Documents.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order compelling Defendant to answer the Interrogatories and produce all documents responsive to the Requests for Production of Documents within ten (10) calendar days.

Respectfully submitted,

/s/ Edward S. Mazurek _____
Edward S. Mazurek (PA ID No. 50278)
717 S. Columbus Blvd.  # 516
Philadelphia, PA 19147
267.243.3393

Attorney for Plaintiff, Michael Mercanti

**<u>CERTIFICATE OF SERVICE</u>**

I certify that the foregoing Motion to Compel was served on counsel for Defendant through the Court's ECF system.

June 22, 2021                    <u>/s/ Edward S. Mazurek            </u>

# EXHIBIT  A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

MICHAEL MERCANTI,   :
           :
   Plaintiff,    :
           :
   v.       :  Case No. 2:20-cv-6387
PHILADELPHIA MEDIA  :
NETWORK (NEWSPAPERS), LLC, :
           :
   Defendants.  :
_____:

### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff, Michael Mercanti, hereby propounds his First Set of Interrogatories on

Defendant, Philadelphia Media Network (Newspapers), LLC pursuant to Fed. R. Civ. P. 33.

**I. INSTRUCTIONS**

 A. Plaintiff's written discovery requests, i.e. his interrogatories, requests for

production of documents and for inspection of property and requests for admissions, are

considered continuing and, therefore, should be modified or supplemented as you obtain further

or additional information up to the time of trial of this case. Where exact information cannot be

furnished, estimated information should be supplied. Where an estimate is used, it should be

identified as such and accompanied by an explanation as to the basis on which the estimate was

made and the reason exact information cannot be furnished.

 B. Respond to each discovery request separately.

 C. Except as otherwise specified herein, each relates to the period beginning January

31, 2009, through the date on which responses to the discovery requests are served.

D.	Your answers shall be based upon information known to you or in the possession of your attorney or anyone else acting on your behalf, prepared for litigation or otherwise.

E.	In the event you refuse to answer any written discovery request on the grounds of any claimed form of privilege, state each ground for such claim of privilege.  If such claim of privilege relates to a document, describe the document by date, author, recipients (including all persons who were shown or received a copy) and give a general description of the subject matter of the document.

## II.	DEFINITIONS

As used in this Plaintiff's written discovery requests, the following terms shall have the meaning set forth below.

A.	"You," "your" and the "Company" mean Philadelphia Media Network (Newspapers), LLC and The Philadelphia Inquirer, LLC, and any agent, representative, or independent contractor acting on their behalf.

B.	"Plaintiff" refers to Michael Mercanti.

C.	"Documents" shall mean all written and printed material of any kind, as well as all electronically stored information, in your possession, custody or control, or that of any agent, independent contractor, and/or attorney acting on your behalf, which is either known to you or can be located or discovered by diligent efforts, including the originals and non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation, any correspondence, memoranda, notes, diaries, calendars, agenda, statistics, letters, work papers, facsimile, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, emails, printed matter, text messages, twitter communications, postings and

communications on any social networking and other websites, computer printouts, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or oral records or representations of any kind, including without limitation photographs, charts, graphs, video and audio recordings, motion pictures, and electronic, mechanical or electric records, or representations of any kind. **"Documents" also includes, but is not necessarily limited to, any and all metadata associated with any electronically stored information.** "Documents" includes, but is not limited to, data and other information that may be stored on the personal computers of directors, officers, employees and agents as well as the business computers of those individuals, as well as their personal calendars and files. Thus, "documents" includes, but is not limited to, any documents or data on a business computer or in a database of another company within your possession, custody or control.

D.     "Statement" means a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electronic, audio or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

E.     "Person" or "persons" shall mean any natural individual, corporation, partnership, proprietorship, joint venture, association, limited liability company, organization, business entity or group of persons or business entities.

F.     "Concern" or "concerning" shall mean "discussing," "memorializing" "summarizing," "constituting," "consisting of," "relating to" and "pertaining to."

G.     The conjunctions "and" and "or" shall be interpreted to mean "and/or," and shall not be interpreted to exclude any information otherwise within the scope of any interrogatory.

H.     "Identify," "identity" or "identification," when used in reference to a natural person, means to state such person's full name and present or last known physical and email address, **date of birth**, telephone/cell phone numbers, his/her present or last known position or business affiliation, and each of his/her positions with the Company during the applicable time period as defined above.

I.     Where identification of a person other than a natural person is required, such identification shall include said person's full name, place of incorporation (if any), address of its principal place of business, telephone numbers and email addresses.

J.     When used in reference to a document, the words "identify," "identity," or "identification" shall mean to state:

(1) The date appearing on such document and, if no date appears, then so state and give the date or best approximate date on which such document was prepared;

(2) Any identifying label, code number, file number, name, marking, title, etc.;

(3) The general type of document (e.g., letter, correspondence, note, memorandum, email, text, sound recording, drawing, photograph, etc.);

(4) The number of pages in length;

(5) Every author or originator whether such person signed the document or not;

(6) Every person to whom such document was addressed as well as every other person to whom such document or any copy thereof was given or sent;

(7) The person having possession, custody or control of such document as well as each other person who has had possession, custody or control during the relevant time period;

(8) Describe the contents of the document; and

(9) State whether any copy, draft, other reproduction or earlier version of such document contains any postscript(s), addendum, notation, change or alteration of any kind not appearing on the original or final version of such document itself, and, if so, give the description delineated above in subparagraphs (1) through (8) for each such draft, copy or reproduction.

K.     If any document which is requested to be identified in response to any interrogatory is no longer in your present possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify," "identity" or "identification" mean to also state whether any such document is:

(1) Missing or lost;

(2) Destroyed;

(3) Transferred to others; or

(4) Otherwise disposed of; and

in any such instance, to set forth the surrounding circumstances and any authorization for such disposition and to state the approximate date of any such disposition and, if known, "identify," "identity" or "identification" mean to also state the present location and custodian of such document.

L.     When used in reference to any oral communication, "identify," "identity" or "identification" mean to set forth:

(1) By whom made;

(2) To whom made;

(3) The date or best approximate date thereof;

(4) The place at which made; and

(5) A brief description of the contents of such oral communication.

M.     "State the grounds" or "state the basis" for a contention shall mean to identify all facts and to set forth and explain the nature and application to the relevant facts of all pertinent legal theories upon which you rely for your knowledge, information and/or belief that there is a good ground to support such contention.

## III.     <u>INTERROGATORIES</u>

1.     To the extent you have denied any allegation in the Complaint in this matter, describe in complete detail all facts that you contend support your denials including, but not necessarily limited to, all facts that in any way pertain to your contention that any allegation in the Complait is not true or correct in some, way, shape or form.

<u>ANSWER:</u>

2.      Describe in complete detail all facts and legal bases that you contend support each of the ten (10) "Affirmative Defenses" you have asserted in your Answer to the Complaint.

**ANSWER:**

3.      Describe in complete detail all of the reasons that you contend existed for the termination of Plaintiff's employment with you.

**<u>ANSWER:</u>**

4.      Describe in complete detail the process that occurred for deciding to terminate Plaintiff's employment with you including, but not necessarily limited to, describing in complete detail how and when the decision to terminate Plaintiff's employment with you was made, and identifying all individuals involved in the decision and describing in complete detail what each individual's involvement was, and describing in complete detail all factors that you contend resulted in the decision.

**ANSWER:**

5.      Describe in complete detail all of the reasons that you contend existed for hiring Danese Kenon.

**<u>ANSWER:</u>**

6.      Describe in complete detail the process that occurred for deciding to employ Danese Kenon including, but not necessarily limited to, describing in complete detail how and when the decision to employ Ms. Kenon with you was made, and identifying all individuals involved in the decision and describing in complete detail what each individual's involvement was, and describing in complete detail all factors that you contend resulted in the decision to employ Ms. Kenon.

**<u>ANSWER:</u>**

7.     Describe in complete detail all of Plaintiff's job duties and responsibilities when he was employed by you as Director of Photography.

**ANSWER:**

8. Identify all individuals who assumed any of the duties and responsibilities Plaintiff had performed as Director of Photography when he was employed by you after the decision to terminate Plaintiff's employment was made, and describe in complete detail what duties or responsibilities each individual assumed and when each individual assumed each duty or responsibility.

**ANSWER:**

9.      Describe in compete detail how, according to your contention, Plaintiff was not qualified for the position from which he was discharged by you.

**<u>ANSWER:</u>**

10. If you contend that Plaintiff was not qualified to perform the duties and responsibilities of any position in which Danese Kenon has been employed by you, describe in complete detail all facts supporting that contention.

**<u>ANSWER:</u>**

11.     If you contend that Danese Kenon was better qualified for the position for which she was hired than Plaintiff, describe in complete detail all facts supporting that contention.

**ANSWER:**

12.     State the last known addresses and phone numbers for the following individuals, in addition to any individuals identified in Plaintiff's Initial Disclosures who had been employed by you but is no longer employed by you:

Terrance C.Z. Egger

Stan Wischonowski

Keith Black

David Swanson

Bill Marimow

Mike Days

Pat McLoone

**ANSWER:**

13.     Identify each individual whose employment with you was terminated and describe in complete detail when and why each such individual's employment was terminated.  (Please note Definition H above.)

**ANSWER:**

14.     Identify each individual hired by you and state the date on which each such individual was hired.  (Again, please note Definition H above.)

**ANSWER:**

15.     Describe in complete detail the relationship between Philadelphia Media Network (Newspapers), LLC and The Philadelphia Inquirer, LLC.

**ANSWER:**

Respectfully submitted,


/s/ Edward S. Mazurek _____
Edward S. Mazurek (PA ID No. 50278)
717 S. Columbus Blvd. # 516
Philadelphia, PA 19147
267.243.3393

Attorney for Plaintiff, Michael Mercanti

# EXHIBIT  B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

MICHAEL MERCANTI,        :
                                   :
      Plaintiff,        :
                                   :
      v.               :
PHILADELPHIA MEDIA     :     Case No. 2:20-cv-6387
NETWORK (NEWSPAPERS), LLC, :
                                   :
      Defendants.     :
_____:

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff, Michael Mercanti, hereby propounds his First Requests for Production of Documents on Defendant, Philadelphia Media Network (Newspapers), LLC pursuant to Fed. R. Civ. P. 34.

**I.    INSTRUCTIONS**

A.    Plaintiff's written discovery requests, i.e. his interrogatories, requests for production of documents and for inspection of property and requests for admissions, are considered continuing and, therefore, should be modified or supplemented as you obtain further or additional information up to the time of trial of this case.  Where exact information cannot be furnished, estimated information should be supplied.  Where an estimate is used, it should be identified as such and accompanied by an explanation as to the basis on which the estimate was made and the reason exact information cannot be furnished.

B.    Respond to each discovery request separately.

C.    Except as otherwise specified herein, each relates to the period beginning January 31, 2009, through the date on which responses to the discovery requests are served.

D.      Your answers shall be based upon information known to you or in the possession of your attorney or anyone else acting on your behalf, prepared for litigation or otherwise.

E.      In the event you refuse to answer any written discovery request on the grounds of any claimed form of privilege, state each ground for such claim of privilege.  If such claim of privilege relates to a document, describe the document by date, author, recipients (including all persons who were shown or received a copy) and give a general description of the subject matter of the document.

## II.      DEFINITIONS

As used in this Plaintiff's written discovery requests, the following terms shall have the meaning set forth below.

A.      "You," "your" and the "Company" mean Philadelphia Media Network (Newspapers), LLC and The Philadelphia Inquirer, LLC, and any agent, representative, or independent contractor acting on their behalf.

B.      "Plaintiff" refers to Michael Mercanti.

C.      "Documents" shall mean all written and printed material of any kind, as well as all electronically stored information, in your possession, custody or control, or that of any agent, independent contractor, and/or attorney acting on your behalf, which is either known to you or can be located or discovered by diligent efforts, including the originals and non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation, any correspondence, memoranda, notes, diaries, calendars, agenda, statistics, letters, work papers, facsimile, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, emails, printed matter, text messages, twitter communications, postings and

communications on any social networking and other websites, computer printouts, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or oral records or representations of any kind, including without limitation photographs, charts, graphs, video and audio recordings, motion pictures, and electronic, mechanical or electric records, or representations of any kind.  **"Documents" also includes, but is not necessarily limited to, any and all metadata associated with any electronically stored information.**  "Documents" includes, but is not limited to, data and other information that may be stored on the personal computers of directors, officers, employees and agents as well as the business computers of those individuals, as well as their personal calendars and files. Thus, "documents" includes, but is not limited to, any documents or data on a business computer or in a database of another company within your possession, custody or control.

D.      "Statement" means a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electronic, audio or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

E.      "Person" or "persons" shall mean any natural individual, corporation, partnership, proprietorship, joint venture, association, limited liability company, organization, business entity or group of persons or business entities.

F.      "Concern" or "concerning" shall mean "discussing," "memorializing" "summarizing," "constituting," "consisting of," "relating to" and "pertaining to."

G.      The conjunctions "and" and "or" shall be interpreted to mean "and/or," and shall not be interpreted to exclude any information otherwise within the scope of any interrogatory.

H.  "Identify," "identity" or "identification," when used in reference to a natural person, means to state such person's full name and present or last known physical and email address, **date of birth**, telephone/cell phone numbers, his/her present or last known position or business affiliation, and each of his/her positions with the Company during the applicable time period as defined above.

I.  Where identification of a person other than a natural person is required, such identification shall include said person's full name, place of incorporation (if any), address of its principal place of business, telephone numbers and email addresses.

J.  When used in reference to a document, the words "identify," "identity," or "identification" shall mean to state:

(1) The date appearing on such document and, if no date appears, then so state and give the date or best approximate date on which such document was prepared;

(2) Any identifying label, code number, file number, name, marking, title, etc.;

(3) The general type of document (e.g., letter, correspondence, note, memorandum, email, text, sound recording, drawing, photograph, etc.);

(4) The number of pages in length;

(5) Every author or originator whether such person signed the document or not;

(6) Every person to whom such document was addressed as well as every other person to whom such document or any copy thereof was given or sent;

(7) The person having possession, custody or control of such document as well as each other person who has had possession, custody or control during the relevant time period;

(8) Describe the contents of the document; and

(9) State whether any copy, draft, other reproduction or earlier version of such document contains any postscript(s), addendum, notation, change or alteration of any kind not appearing on the original or final version of such document itself, and, if so, give the description delineated above in subparagraphs (1) through (8) for each such draft, copy or reproduction.

K.      If any document which is requested to be identified in response to any interrogatory is no longer in your present possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify," "identity" or "identification" mean to also state whether any such document is:

(1) Missing or lost;

(2) Destroyed;

(3) Transferred to others; or

(4) Otherwise disposed of; and

in any such instance, to set forth the surrounding circumstances and any authorization for such disposition and to state the approximate date of any such disposition and, if known, "identify," "identity" or "identification" mean to also state the present location and custodian of such document.

L.      When used in reference to any oral communication, "identify," "identity" or "identification" mean to set forth:

(1) By whom made;

(2) To whom made;

(3) The date or best approximate date thereof;

(4) The place at which made; and

(5) A brief description of the contents of such oral communication.

M.	"State the grounds" or "state the basis" for a contention shall mean to identify all facts and to set forth and explain the nature and application to the relevant facts of all pertinent legal theories upon which you rely for your knowledge, information and/or belief that there is a good ground to support such contention.

N.	"Interrogatory" means an interrogatory propounded on you in this lawsuit.

**III.    REQUESTS FOR PRODUCTION OF DOCUMENT**

1.    All documents that pertain to your answer to Interrogatory 1.

**ANSWER:**

2.     All documents that pertain to your answer to Interrogatory 2.

**ANSWER:**

3.     All documents that pertain to your answer to Interrogatory 3.

**ANSWER:**

4.     All documents that pertain to your answer to Interrogatory 4.

**ANSWER:**

5.      All documents that pertain to your answer to Interrogatory 5.

**ANSWER:**

6.      All documents that pertain to your answer to Interrogatory 6.

**<u>ANSWER:</u>**

7.      All documents that pertain to your answer to Interrogatory 7.

**<u>ANSWER:</u>**

8.      All documents that pertain to your answer to Interrogatory 8.

**<u>ANSWER:</u>**

9.      All documents that pertain to your answer to Interrogatory 9.

**<u>ANSWER:</u>**

10.     All documents that pertain to your answer to Interrogatory 10.

**<u>ANSWER:</u>**

11.     All documents that pertain to your answer to Interrogatory 11.

**<u>ANSWER:</u>**

12.     All documents that pertain to your answer to Interrogatory 12.

**<u>ANSWER:</u>**

13.     All documents that pertain to your answer to Interrogatory 13.

**<u>ANSWER:</u>**

14.     All documents that pertain to your answer to Interrogatory 14.

**ANSWER:**

15.     All documents that pertain to your answer to Interrogatory 15.

**ANSWER:**

16.     All documents that you are required to identify in Initial Disclosures pursuant to Fed. R. Civ. P. 26.

**<u>ANSWER:</u>**

Respectfully submitted,


/s/ Edward S. Mazurek _____
Edward S. Mazurek (PA ID No. 50278)
717 S. Columbus Blvd.  # 516
Philadelphia, PA 19147
267.243.3393

Attorney for Plaintiff, Michael Mercanti